UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INVONTO, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>JONATHAN JARBOU,<br><br>                Defendant. | Civil Action No. 23-953 (GC) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge**.

      **PRESENTLY** before the Court is a Motion by Defendant/Counter-Plaintiff Jonathan Jarbou ("Jarbou") seeking leave to file amended affirmative defenses and counterclaims to add as a counter-plaintiff Sizzle Labs LLC ("Sizzle Labs") (the "Motion to Amend"). (Doc. Nos. 33-35). Plaintiff Invonto, LLC ("Invonto") opposes the Motion to Amend and Cross-Moves to Strike Defendant's Request for Attorney's Fees (the "Cross-Motion to Strike"). (Doc. Nos. 39, 40). Jarbou has replied to the opposition and further opposes the Cross-Motion. (Doc. No. 41). Having considered the parties' written submissions and deciding the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), for the reasons set forth below, the Court GRANTS the Motion to Amend and DENIES the Cross-Motion to Strike.

**I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

      This action arises out of certain agreements by and between Jarbou and Invonto regarding the creation of a software application, SizzleChefs. Invonto initiated this action, alleging that Jarbou breached a February 9, 2021 Service Level Agreement (the "SLA"), by failing to pay for certain work performed by Invonto to create SizzleChefs. (*See* Doc. No. 1-1). Jarbou denies the allegations and asserts counterclaims against Invonto for breach of the SLA by allegedly failing to

1

provide timely services and invoices and submitting false or inflated invoices. (*See* Doc. No. 10). Invonto denies the counterclaims. (Doc. No. 12).

The Court initially set a deadline of May 15, 2023 for any motions for leave to amend or join new parties and later extended the deadline to January 12, 2024. (Doc. Nos. 13, 32). On that deadline, Jarbou filed the instant Motion to Amend. (Doc. Nos. 33-35). Through the Motion, Jarbou seeks to add the entity Sizzle Labs as a counter-claim plaintiff. (*See* Doc. No. 34-1). According to Jarbou, on March 11, 2021, he formed a Michigan limited liability company Select Chef LLC and used that entity's bank account to pay Invonto's invoices arising under the SLA. (*See* Doc. No. 34 at p. 4). In late 2021, Jarbou changed the name of Select Chef LLC to Sizzle Labs. (*See* Doc. No. 34 at p. 4). According to Jarbou's proposed amended counterclaims, Sizzle Labs has four owners, with Jarbou maintaining 77% ownership. (*See* Doc. No. 34-1 at p. 7, ¶ 2). Jarbou further proffers that he and Sizzle Labs founded and created SizzleChefs, the software application that was subject to the SLA with Invonto. (*See* Doc. No. 34-1 at p. 8, ¶ 3).

Jarbou now seeks to add Sizzle Labs as a counter-plaintiff, contending Sizzle Labs is a real party in interest. Jarbou argues that when he executed both an initial agreement with Invonto in December 2020 and the SLA in dispute here, he executed those agreements as "Owner," indicating his ownership "of a *de facto* limited liability company that he established shortly after signing" the SLA. (Doc. No. 34 at p. 4 (footnote omitted)). Jarbou further argues that Invonto was aware of his formation of Select Chef LLC and the name change to Sizzle Labs. (*See* Doc. No. 34 at pp. 4-6; 34-2 through -7).

Invonto opposes the Motion to Amend. (Doc. Nos. 39, 40). It contends that Jarbou is the proper contracting party because Jarbou, and not Sizzle Labs, is the signatory to the SLA. (*See*

2

Doc. No. 40-1[1] at pp. 4-5). Invonto contends that Jarbou seeks to add Sizzle Labs in a futile attempt to "avoid liability and pass the buck to an entity with no assets and no business." (Doc. No. 40-1 at p. 5). It claims that there is no legal basis to substitute Jarbou for Sizzle Labs, even under a "*de facto* corporation" theory. (*See* Doc. No. 40-1 at pp. 5-7). Invonto further opposes the Motion to Amend on the bases that Jarbou seeks to delay this matter, that Jarbou seeks amendment for an improper purpose, and that permitting such amendment would be unduly prejudicial. (*See* Doc. No. 40-1 at pp. 8-9). In addition to opposing the Motion to Amend, Invonto also cross-moves to strike Jarbou's request for attorney's fees in the answer and counterclaim. (*See* Doc. No. 40). Invonto contends that Jarbou cannot state a claim for the recovery of fees based on the allegations and claims at issue in this action as well as the terms of the SLA. (*See* Doc. No. 40-1 at pp. 9-12).

Jarbou has filed a reply in further support of his Motion to Amend and in opposition to Invonto's Cross-Motion. (Doc. No. 41). In his reply, Jarbou argues that he does not seek to substitute himself with Sizzle Labs, but rather seeks to add Sizzle Labs alongside himself; thus, he posits that Invonto's concerns regarding any avoidance of liability are unfounded. (*See* Doc. No. 41 at p. 4). Jarbou further contends that amendment to add Sizzle Labs as a counter-plaintiff is not futile based on the parties' communications and course of dealings in connection with the SLA. (*See* Doc. No. 41 at pp. 5-8). He also counters the contention that the proposed amendments are brought in bad faith or to delay or prejudice Invonto. (*See* Doc. No. 41 at pp. 8-9). Jarbou points out that Invonto was aware that he would seek to amend the pleadings and he timely filed the Motion. (*See* Doc. No. 41 at pp. 8-9). He also contends that discovery is ongoing and amendment

---

[1] Invonto filed its Brief in Opposition to the Motion to Amend and in Support of its Cross-Motion to Strike twice on the docket at docket entries numbered 39-1 and 40-1. The Court cites herein only to one of those entries for ease of reference.

would not delay the merits of this matter, particularly where discovery as to Sizzle Labs has already been produced. (*See* Doc. No. 41 at p. 9).

In addition, Jarbou opposes Invonto's Cross-Motion to Strike. (Doc. No. 41 at pp. 9-12). Jarbou argues that he plausibly asserts a claim for attorney's fees based on his claim for fraud in Count II of the Counterclaims. (*See* Doc. No. 41 at p. 10). He adds that, "while [his] Counterclaim may have been somewhat unartfully pleaded[,]" his fraud claim arises under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*, (the "NJCFA"), even though he did not refer to that statute in any way in his fraud claim. (Doc. No. 41 at p. 11). Accordingly, Jarbou seeks the Court to deny Invonto's Cross-Motion to Strike or, alternatively, permit him leave to amend its Counterclaim to assert a fraud claim under common law and the NJCFA. (*See* Doc. No. 41 at p. 12).

## II. LEGAL STANDARDS

### A. MOTION TO AMEND

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Rule aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393

F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017).

As to undue delay, "[d]elay alone is not sufficient to justify denial of leave to amend[,]" but "at some point, delay will become undue, placing an unwarranted burden on the court and an unfair burden on the opposing party." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (internal citation, editing, and quotation marks omitted). "Delay may become undue when a movant has had previous opportunities to amend a complaint." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted). Accordingly, a court will focus on why a movant did not amend sooner and consider "whether new information came to light or was available earlier to the moving party." *Ford Motor Co. v. Edgewood Prop., Inc.*, Civ. No. 06-1278, 2011 WL 1321605, at *2 (D.N.J. Apr. 4, 2011) (quoting *in re Adams Golf, Inc. Secs. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004) (internal quotation marks omitted); *XL Specialty Ins. Co. v. PCS Wireless Warehouse, Inc.*, Civ. No. 18-17210, 2020 WL 967855, at *3 (D.N.J. Feb. 28, 2020).

In addition, "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273 (citation omitted). A court will consider the hardship to the non-movant if the amendment were permitted, including "additional discovery, cost, and preparation to defend against new facts or new theories." *Id.*

In considering whether a party seeks to amend in bad faith, the Court does not consider whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith. *See Livingstone v. Haddon Point Manager LLC*, Civ. No. 19-13412, 2020 WL 7137852, at *3 (D.N.J. Dec. 7, 2020) (citation omitted); *see also Diallo v. Alo Enterprises Corp.*, Civ. No. 12-3762, 2013 WL 3772827, at *3 (D.N.J. July 17, 2023) ("Simply failing to add a claim a party had prior knowledge of does not alone amount to bad faith."). Rather,

5

the question of bad faith focuses on a party's motives for not amending its pleadings sooner. *See Zelma v. Choice Energy, LLC*, Civ. No. 19-17535, 2020 WL 5201341, at *2 (D.N.J. Sept. 1, 2020).

Also, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.* On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

In addition, where, as here, a party seeks to add a new party, the Court considers Federal Rule of Civil Procedure 20(a), which permits joinder as a plaintiff if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

### B. MOTION TO STRIKE

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are decided on the pleadings alone." *Deery v. Crystal Instr. Corp.*, No. 13-198, 2013 WL 4517867, at *1 (D.N.J. Aug. 26, 2013) (citations omitted). Importantly, motions to strike are generally disfavored and granted sparingly, such as when a defense is clearly insufficient regardless of any disputed issues of fact. *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217-18 (D.N.J. 1993). "Even where the facts are not in dispute, Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial questions of law." *Id.* at 218 (citing, *inter alia*, *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989)). The Court exercises wide discretion in considering a Rule 12(f) motion to strike. *Id.* at 217.

## III. DISCUSSION

### A. JARBOU'S MOTION TO AMEND

In opposing the Motion to Amend, Invonto raises that Jarbou's proposed amendments to include Sizzle Labs are futile, unduly delayed, brought in bad faith, and would unduly prejudice Invonto. The Court addresses each in turn.

The crux of Invonto's objection is based on its contention that Sizzle Labs cannot be a proper party where Jarbou personally signed the SLA and Jarbou simply seeks to substitute Sizzle Labs to avoid liability under the SLA. As an initial matter, Jarbou does not seek to substitute Sizzle Labs in his stead. Considering the proposed amended pleading, Jarbou remains the sole defendant to Invonto's claims (subject to the proposed affirmative defense regarding the real party-in-interest) and adds as a counter-plaintiff an entity that Jarbou alleges has an interest in

7

SizzleChefs, the online application that was the subject of the SLA. (*See* Doc. No. 34-1). Thus, Invonto's concerns that the proposed pleadings permit Jarbou to avoid any risks in this litigation are simply unfounded but rather relate to the ultimate merits as to the construction of the parties' agreements.

Invonto further contends that adding Sizzle Labs would be futile because it is not a real party in interest to the SLA. In considering futility on a motion for leave to amend under Rule 15, the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). With few exceptions, the Court may not consider matters outside of the pleadings on a motion under Rule 12(b)(6). *See in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Here, the parties dispute whether Jarbou signed the SLA (and prior agreement) as "Owner" with the understanding that he was signing on behalf of Sizzle Labs. However, in so disputing, both parties rely on documents, materials, and allegations outside of the pleadings.[2] Accepting as true Jarbou's proposed amendments, the Court cannot find that amendment to include the affirmative defense regarding Sizzle Labs or to add Sizzle Labs as a counter-plaintiff is futile under the applicable standard. Although the parties did not raise it, the Court further finds that joinder of Sizzle Labs meets Rule 20(a)(1) of the Federal Rules of Civil Procedure because the proposed

---

[2] The Court may consider the SLA as part of its review because it is integral to the parties' pleadings. *See in re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426. However, the parties rely on correspondence and prior agreements between them to support their respective contentions as to whether Sizzle Labs is a proper party. Those documents are not integral to the parties' pleadings.

allegations by Sizzle Labs arises out of the same transaction and occurrences at issue in Jarbou's counterclaims. *See* Fed. R. Civ. P 20(a)(1).

In addition, Jarbou did not unduly delay seeking amendment and does not seek amendment to further delay these proceedings in bad faith. Jarbou timely filed his motion in compliance with the Court's scheduling orders and counsel for Jarbou has represented that it has already produced information relating to Sizzle Labs. Adding Sizzle Labs as a counter-plaintiff would not hamper judicial economy, the finality of litigation, or the ability of parties to litigate. Discovery continues in this case, and the addition of Sizzle Labs as a party would not likely unduly delay this matter further. Further, Invonto is not unduly prejudiced by the amendment. This is not an instance where there will be substantial new discovery or costs by the addition of Sizzle Labs. While Jarbou inserts the question of who the real party-in-interest to the SLA is, the proposed amendments do not change the underlying nature of the allegations or the dispute between the parties. *See Premier Hotel Mgmt., Inc. v. Varma*, No. 09-1390, 2011 WL 819694, at *3 (M.D. Pa. Mar. 2, 2011) (finding that the substitution of a counterclaim plaintiff did not unduly prejudice the counterclaim defendants where the nature of the counterclaim remained the same).

Accordingly, for those reasons and considering the Federal Rules of Civil Procedure contemplate that Courts freely grant leave to amend, the Court grants Jarbou's Motion to Amend.

### B.  INVONTO'S CROSS-MOTION TO STRIKE

Invonto cross-moves to strike from Jarbou's Answer and Counterclaims his request for attorney's fees, essentially contending that there is no basis in law or fact for such relief.[3] Jarbou opposes the Cross-Motion on a contention that he asserts a claim of fraud under the NJCFA, which has not been pled.  Generally, a prevailing party is not entitled to recover attorney's fees absent express authorization by statute, contract, court rule, or interests of equity.  *See Deery*, 2013 WL 4517867, at *2 (citing *in re Estate of Vayda*, 184 N.J. 115, 122-23 (N.J. 2005)).  However, motions to strike are considered based on the face of the pleadings.  It is not readily apparent from the pleadings alone that Jarbou's request for attorney's fees is insufficient, "redundant, immaterial, impertinent, or scandalous[.]"  Fed. R. Civ. P. 12(f); *see also Deery*, 2013 WL 4517867, at *2.  Nor is there prejudice at this stage to Invonto by leaving the merits of whether Jarbou may seek attorney's fees in this matter.  *See Malibu Media, LLC v. Lee*, No. 12-3900, 2013 WL 2252650, at *6 (D.N.J. May 22, 2013) (recognizing that motions to strike should not be granted unless there is prejudice to the adverse party).  In so concluding, the Court need not reach whether Jarbou has sufficiently pled a claim arising under the NJCFA or the merits of such a claim.  The Court further denies any request to amend to add such a claim at this time.

### IV. CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above, and for good cause having been shown,

**IT IS**, **THEREFORE**, on this **25th** day of **July 2024** hereby

---

[3]  Notably, Jarbou included in his original Answer and First Amended Answer and Counterclaims a request for an award of costs and attorneys' fees. (*See* Doc. Nos. 8, 10).  While Invonto asserted an affirmative defense to Jarbou's request for attorney's fees in its Answer to the Counterclaims, (Doc. No. 12), Invonto did not previously move to strike or dismiss Jarbou's request for attorney's fees before this Cross-Motion.

**ORDERED** that Jarbou's Motion for Leave to Amend (Doc. No. 33) is **GRANTED**; and it is further

**ORDERED** that Invonto's Motion to Strike (Doc. No. 40) is **DENIED**; and it is further

**ORDERED** that Jarbou shall file its amended pleading by no later than **seven (7) days from the date of this Memorandum Opinion and Order**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motions pending at Docket Entries Numbered 33 and 40; and it is further

**ORDERED** that, by no later than **August 2, 2024**, the parties shall file with the Court a proposed amended discovery schedule.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
_____
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**